# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M.MILLER BAKER, JUDGE

| | | |
|---|---|---|
| SAHAMITR PRESSURE CONTAINER PLC., <br> Plaintiff, <br><br> and <br><br> WORLDWIDE DISTRIBUTION, LLLP, <br> Plantiff-Intervenor <br><br> v. <br><br> UNITED STATES, <br> Defendant, <br><br> and <br><br> WORTHINGTON INDUSTRIES, <br> Defendant-Intervenor. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Court No. 22-0107 |

## <u>PLAINTIFF-INTERVENOR'S REPLY BRIEF</u>

Gregory S. Menegaz
J. Kevin Horgan
Alexandra H. Salzman
DEKIEFFER & HORGAN, PLLC
Suite 1101
1156 Fifteenth St., N.W.  20005
Tel: (202) 783-6900
email:  gmenegaz@dhlaw.com
*Counsel to Plaintiff-Intervenor*

Dated: March 6, 2024

TABLE OF CONTENTS

I.      The Department Unreasonably Rejected SMPC's Allocation
        Methodology and Failed to Justify the Relied Upon Allocation..1

II.     Conclusion and Prayer for Relief .................................................3

# TABLE OF AUTHORITIES

## CASES

*Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156 (1962) .... 5-6

## STATUTES & REGULATIONS

19 C.F.R. § 351.401(g) ........................................................................... 1

Plaintiff-Intervenor Worldwide Distribution, LLLP ("Plaintiff-Intervenor"), hereby replies to Defendant and Defendant-Intervenor's response briefs.  U.S. Br. (ECF 30); *see also* Worthington Br. (ECF 33). Plaintiff-Intervenor hereby supports and incorporates by reference the arguments made by Plaintiff SMPC.  SMPC Reply Br. (ECF 58).

## I.    The Department Unreasonably Rejected SMPC's Allocation Methodology and Failed to Justify the Relied Upon Allocation.

The Department generally relies on transaction-specific reporting of direct selling expenses, but uses allocated expenses when it is not feasible to rely on  transaction-specific reporting. *See* 19 C.F.R. § 351.401(g)(1). Any party seeking to report expense adjustments on an allocated basis must demonstrate the allocation is as specific as feasible and does not cause inaccuracies or distortions.  19 C.F.R. § 351.401(g)(2).

In this review, SMPC explained that it could not report certification expenses on a transaction specific basis and explained instead that it allocated the expenses using a ratio, allocating certification expenses over revenues.  SMPC originally provided a methodology consistent with the investigation.  After the Department's request for monthly per-unit certification reporting, SMPC presented

another alternative methodology on a monthly and market specific basis. SMPC explained and supported the accuracy of its proposed allocations.  However, in the Final Results, at Worthington's direction, the Department used a new POR-wide allocation methodology.

In the opening briefs, Plaintiff SMPC and Plaintiff-Intervenor argued the Department's methodology was contrary to its normal practice and was distortive and less accurate.  In response, United States and Worthington argue that SMPC's proposed allocation methodologies are distortive and the Department's alternative methodology is reasonable.  U.S. Br. at 15-17; Worthington Br. at 11-13.

For the monthly and market-specific allocation, Defendant argues that the methodology is distortive due to the timing difference between when SMPC produces and sells the cylinders and when it records the certification expenses.  However, this is precisely why they were reported on a monthly-basis, in order to calculate on as specific a basis as is feasible.  Appx6027 (Department initial questionnaire identifying monthly-specific basis as an example of a specific basis allocation).  Moreover, the Department itself was aware of the lag of certification fees when it requested, at Worthington's urging, that SMPC report

2

monthly certification expenses as a more specific allocation basis in the first place.   SMPC also explained that the gaps in monthly certification expenses were in fact very minor.

Ultimately, the Department failed to provide a reasonable justification for rejecting more specific, monthly-based allocations, and failed to articulate why the allocation method chosen was more accurate than either the alternative or original allocation method proposed by SMPC.  *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962) (Commerce must articulate a "rational connection between the facts found and the choice made.").

## II.    Conclusion and Prayer for Relief

In light of the foregoing, aspects of the Department's *Final Results* were not supported by substantial evidence or in accordance with the law.  Plaintiff-Intervenor respectfully requests that the Court remand this case for redetermination of the issue according to their presentation in this brief and SMPC's brief.

Respectfully submitted,

 /s/ Gregory S. Menegaz
Gregory S. Menegaz
J. Kevin Horgan

3

                                        Alexandra H. Salzman
                                        DEKIEFFER & HORGAN, PLLC
                                        Suite 1101
                                        1156 Fifteenth Street, N.W.  20005
                                        Tel: (202) 783-6900
                                        Fax:  (202) 783-6909
                                        email:  gmenegaz@dhlaw.com
Date: March 6, 2024                     *Counsel to Plaintiff-Intervenor*

4

## Word Count Certificate of Compliance

This brief has been prepared utilizing Microsoft Word 2007 using a proportionally spaced typeface (14 point Century font).

In accordance with this Court's Scheduling Order and the Chambers Procedures of the United States Court of International Trade, the undersigned certifies that his brief complies with the word limitations set forth.  Specifically, excluding those exempted portions of the brief, as set forth in 2 B (1) of the Chambers Procedures, I hereby certify that this brief contains **497** words.  In accordance with the Chambers Procedures, this certified word count is based on the word count feature in the word processing system (Microsoft Word) used to prepare this brief.

/s/ Gregory S. Menegaz

Gregory S. Menegaz
DEKIEFFER & HORGAN, PLLC
Suite 1101
1156 Fifteenth Street, N.W.  20005
Tel: (202) 783-6900
Fax:  (202) 783-6909
email:  gmenegaz@dhlaw.com
*Counsel to Plaintiff-Intervenor*

1